UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 15-34-ART-CJS |
| ) | |
| v. ) | |
| ) | **RECOMMENDED DISPOSITION** |
| ANTOINE DUDLEY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.  INTRODUCTION

The matter is before this Court for a Recommended Disposition on Defendant Antoine Dudley's Motion to Exclude Informant Testimony. (R. 23). After reviewing Defendant's Motion, the United States' Response, and Defendant's Reply, the Court concludes that Defendant has failed to demonstrate at this time that a witness competency hearing is necessary or that the Court should order the testimony of the informant excluded for lack of competency, or that the informant's testimony at trial should be conditioned upon the informant undergoing a mental status evaluation. Therefore, Dudley's Motion to Exclude Witness (R. 23) should be **DENIED**.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Defendant has been charged with three counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and forfeiture allegations. (R. 1, 38). He pled not guilty to all counts of the Indictment and Superseding Indictment. (R. 8, 41). Dudley is being detained pending trial. (R. 21). Defendant filed a Motion to Exclude Informant Testimony (R. 23), to which Motion the United States has filed a Response (R. 30), and Defendant has filed a Reply (R. 35, 37).

**III.    ANALYSIS**

A portion of the prosecution's case against Defendant revolves around a confidential informant (CI) who allegedly purchased controlled substances from Defendant on three separate occasions. (R. 23, at 2). The evidence involving the CI includes recorded phone conversations between the CI and an individual who is alleged to be Defendant, video and audio taken of the controlled substance purchases featuring the CI and the seller alleged to be Defendant, and, presumably, the CI's testimony about the CI's dealings with Defendant. (*Id.*).

Dudley's Motion alleges that the CI is not a competent witness to testify as defined by the Federal Rules of Evidence. The Motion requests the Court grant extensive relief related to the CI's potential testimony at trial, including "order production [of] the relevant records" of CI's past, including medical records, school records, and sealed records in unrelated criminal cases; "order a psychological evaluation of the [CI]"; "conduct a witness competency hearing"; "exclude the testimony of the [CI] for lack of competency"; or, "in the alternative... condition the [CI]'s testimony upon compliance with a psychological evaluation." (*Id.* at 6-7).

**A.    Standard for Witness Competency**

Under the Federal Rules of Evidence, every person is presumed competent to be a witness unless it is demonstrated otherwise. *See* Fed. R. Evid. 601. While a witness's credibility is a matter for a jury to determine, "[t]he question of the competency of the witness is for the Court, not the jury." *Henderson v. United States*, 218 F.2d 14, 17 (6th Cir. 1955); *see also United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir. 1989) ("[T]he question of competency is for a judge to decide[.]"). However, "the Federal Rules of Evidence strongly disfavor barring witnesses on competency grounds due to mental incapacity." *United States v. Phibbs*, 999 F.2d 1053, 1068 (6th

Cir. 1993). A district court's determination regarding a witness's competency is reviewed under an abuse of discretion standard. *Ramirez*, 871 F.2d at 584.

If a court has questions regarding a witness's competency, it may take steps to gain more information prior to the witness testifying at trial. One of those potential steps, which Defendant has requested here, is having the witness submit to an examination as a precondition to testifying. "[A] court cannot *order* a non-party witness to be examined by a psychiatrist. The most the court could do is condition such witness's testimony on a prior examination." *Id.* (emphasis in original). "The courts that have addressed the question agree, however, that the power not to allow a witness to testify unless he submits to a psychiatric examination should be used sparingly." *Id.* at 584-85 (quoting *United States v. Gutman*, 725 F.2d 417, 420 (7th Cir. 1984)).

> **B.     Defendant has not demonstrated that the CI is incompetent to testify, and the circumstances of this case do not merit additional examination of the CI prior to her giving testimony.**

The evidence submitted in favor of conditioning the CI's testimony upon her prior submission to a mental evaluation comes primarily from two sources: defense counsel's own recollection of an interview conducted with the CI on November 24, 2015 (R. 37, at 2), and filings from two previous Kentucky state court cases in which the CI was a criminal defendant (R. 37-1).[1]

According to defense counsel, the CI identified herself as "mildly mentally delayed," "narcoleptic," and "unable to read or write." (R. 23, at 3). Defense counsel also claims the CI indicated that she had received treatment for mental health in the past and that she had previously been prescribed medication for her mental health issues. (*Id.* at 4). Defense counsel's account of the

---

[1] The Court notes that no evidence has been submitted to prove that the individual referred to in these two criminal cases is in fact the CI. However, for the purposes of adjudicating this Motion, the Court will treat these records as if they are referring to the CI.

3

interview also contains detailed information the CI allegedly relayed about the Covington Police Department and their techniques to secure the CI's cooperation as a witness (*id.* at 4-5), but none of that information bears any relevance to the question of whether the CI is competent to testify as a witness.

As additional support for his contention that the CI is not competent to testify, Defendant has submitted filings of record from two Kentucky state criminal cases, Kenton Circuit Court case numbers 08-cr-74 and 10-cr-568, in which the CI was purportedly the defendant. (R. 37-1). In each of those cases, defense counsel made a motion for a competency evaluation, on the grounds that counsel believed the CI was incompetent to stand trial. (*Id.* at 2-3, 8-9). Dudley's decision to submit these filings in support of the notion that the CI is incompetent to testify as a witness in this case is puzzling. Not only are these cases both over five years old, but the judge in each case made the determination that the CI was in fact competent to stand trial, which cuts against Defendant's argument. (*Id.* at 8, 13). Additionally, in the 2010 case the CI was referred to mental health court, but was declared ineligible because "the [CI did] not appear to have a chronic, severe, and persistent mental illness." (*Id.* at 17).

Dudley argues that a psychological evaluation is necessary because the prior evaluations are "stale" and that a new evaluation must be completed "to account for potential deterioration of competency over time." (R. 37, at 8). He further surmises: "The defense doesn't suspect the informant has maintained the healthiest of lifestyle [sic] so as to at least maintain the status quo or possibly improve since her last evaluation." (*Id.*). This statement is absolute conjecture, and in no way lends credence to the Court's taking action against the strong presumption that a witness is competent to testify. Fed. R. Evid. 601.

Defendant is correct in asserting that "[t]he 6th Circuit did not create any blanket rule against litigating witness competency, conducting evidentiary hearings, or requiring psychological evaluations of witnesses." (R. 37, at 8). Under the correct circumstances, it may be appropriate to condition a witness's testimony upon her agreeing to a psychiatric or psychological evaluation because of concerns about her competency to testify. However, this would be an extremely rare occurrence that would require extraordinary circumstances. It is telling to the Court that Defendant's Motion and Reply do not cite to even one case in which a court determined that it would be appropriate to condition a witness's testimony upon a psychiatric examination. The presumption of a witness's competency, though rebuttable, is very strong. *United States v. Phibbs*, 999 F.2d 1053, 1068 (6th Cir. 1993) ("[T]he Federal Rules of Evidence strongly disfavor barring witnesses on competency grounds due to mental incapacity.").

Indeed, witnesses with more reliably documented or severe mental health and drug issues than as alleged for the CI in this case have been found competent to testify before courts in the Sixth Circuit. In *United States v. Phibbs*, the district court opted to allow a witness to testify despite a psychiatrist's determination that this same witness would be incompetent to assist in his own defense due to mental incapacity. *Id.* at 1069. The district court allowed the witness to testify without any precondition, denying the defense's request for a pretrial examination of the witness. *Id.* The Sixth Circuit upheld the district court's decision allowing the testimony, as they were "persuaded that [the witness was] at least minimally capable of offering reliable evidence," and that "the possible weaknesses in [the witness's] testimony went to its credibility, and so were to be assessed by the jury." *Id.* In *United States v. Cobb*, the Sixth Circuit upheld a district judge's ruling that a witness was competent to testify without precondition despite the fact that the witness admitted to being

addicted to oxycontin and to having used the drug the day before her testimony. 432 F. App'x 578, 588-90 (6th Cir. 2011). In addition to having used oxycontin the day before her testimony, the witness in *Cobb* "appeared to have difficulty remembering the facts as she had earlier allegedly reported them to [the police]"; however, the Sixth Circuit found that "this [did] not speak to her competence as a witness or her personal knowledge." *Id.* at 589. Given that these witnesses with more reliably documented mental health or drug issues than the CI in the present case were considered competent to testify, the Defendant's briefing is insufficient to support a conclusion that a hearing as to the CI's competency is warranted, that the CI should be precluded from testifying or that the CI's testimony should be conditioned upon her agreeing to an examination prior to testifying.

The information Defendant has gathered relating to the CI's mental condition is not necessarily useless. The defense may use "indicia of [a witness's] mental capacity[] to vigorously attack [his or her] credibility." *Phibbs*, 999 F.2d 1053, 1070. A jury may use this evidence to determine what weight to give the CI's testimony at trial. However, Defendant has not demonstrated circumstances that would require the Court to recommend at this time the drastic steps of conducting a formal competency hearing, conditioning the CI's testimony on the CI undergoing a mental status evaluation, or excluding the CI's testimony on competency grounds.

IV. **CONCLUSION**

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Exclude Informant Testimony (R. 23) be **DENIED.**

This Recommended Disposition is issued pursuant to 28 U.S.C. § 636(b)(1)(B). The statute and Federal Rule of Criminal Procedure 59(b) should be consulted concerning the right to present objections to the presiding District Judge. Rule 59(b) requires that specific written objections be

filed within fourteen (14) days of service of this Recommended Disposition.  Failure to object per Rule 59(b) waives a party's right to review.

Dated this 17th day of March, 2016.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\criminal cov\2015\15-34-ART-CJS R&R on MTExclude final.wpd